**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
10 Bank Street, Suite 700
White Plains, NY 10606
Telephone: (914) 949-2909
Timothy P. Coon, Esq.
tpcoon@eckertseamans.com
*Counsel for Creditor APF Management Company, LLC*

HEARING DATE: March 29, 2019
OBJECTION DEADLINE: March 22, 2019

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

MUNNWORKS, LLC,

Debtor.

Chapter 11
Case No.: 18-22972 (RDD)

### OBJECTION OF CREDITOR APF MANAGEMENT COMPANY, LLC TO DISCLOSURE STATEMENT PROPOSED BY DEBTOR PURSUANT TO CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE

APF Management Company, LLC ("APF"), by and through its undersigned counsel, submits this Objection to the approval of the Disclosure Statement for the proposed Plan of the Debtor pursuant to Chapter 11 of the United States Bankruptcy Code as follows:

### INTRODUCTION

A.  Summary of APF's Objection to Disclosure Statement

APF obtained a judgment against The Debtor, after a jury trial and verdict in favor of APF against Debtor in the amount of $1,474.505. The claims in that litigation, in part, arose from the unlawful diversion of business from APF to The Debtor, Munn Works, LLC. Debtor's post-trial motions to set aside the verdict were denied by the Trial Court with a determination that the evidence before the jury and the applicable law were sufficient to support the jury's verdict. Thereafter, a judgment against The Debtor was filed in Westchester County, State of New York.

Debtor has filed a Notice of Appeal in the Appellate Division, Second Department. This appeal has not yet been perfected.

The Disclosure Statement sets forth the terms of a settlement for the claim against The Debtor of On-Deck Capital, LLC (On-Deck), which includes a classification of this indebtedness as an unsecured creditor, therefore, in the same priority status as APF. The On-Deck loan documents contained the personal guarantee of Laurie Munn, the sole principle of The Debtor. Yet Laurie Munn brought an action against On-Deck in New York State Supreme Court, County of Westchester, wherein she states, in the Verified Complaint, that she did not sign any guarantee and that she was unaware of any loan or her alleged guarantee of said loan. (See Ex. A, Complaint in *Laurie Munn v. On-Deck*, Index No.: 68182/2018) Further, On-Deck failed to take any action to perfect such loan, such as the filing of a UCC-1. However, under the Plan — — and without justification — — On-Deck receives preferential treatment under the proposed Disclosure Statement as compared to the other unsecured creditors in this case. Such a Plan is not proposed in good faith.

## OBJECTIONS TO DISCLOSURE STATEMENT

A.  General Requirements of Adequate Information.

Section 1125(b) of the Bankruptcy Code provides:

> An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from the holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information.

11 U.S.C. §1125(b). "Adequate information" is defined in Section 1125 as being:

> Information of a kind, and in sufficient detail, as for as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of potential material Federal tax

consequences of the plan to the debtor, any successor to be debtor, and a hypothetical investor typical of the holders of claims or interest as the case, that would enable such hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan.

11 U.S.C. §1125(a)(1) See also *Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Estrusion Corp.)* 844 F.2d 1142, 1157 (5th Cir. 1988) (providing that the information required will necessarily be governed by the circumstances of the case); see also *In re Lonosphere Clubs, Inc.*, 179 B.R. 24, 29 (SDNY 1995). The determination of what constitutes adequate information is subjective, and within the discretion of the bankruptcy court. A disclosure statement should not be approved if it fails to provide sufficient information about risk regarding the means by which a plan is to be funded. *In re Cardinal Congregate I*, 121 B.R. 760, (AD Ohio 1990). A disclosure statement must contained all material information relating to the risks posed to creditors and equity holders under the proposed plan of reorganization. *In re Onichem Corp.*, 72 B.R. 95 (N.D. 111 1987)

The provision of adequate information is at the very heart of the reorganization process. *In re Rudolitz Holding Corp.*, 187 B.R. 72, 73 (SDNY 1995) Courts have identified the following categories of information as the type of information that should be included in a typical disclosure statement, including but not limited to: (a) information regarding the claims against the estate; (b) a liquidation analysis setting forth the estimated return that creditors would receive under Chapter 7; (c) information relevant to the risks being taken by the creditors and interest holders; (d) the existence, likelihood and possible success of non-bankruptcy litigation. *In re Ferretti*, 128 B.R. 16, 18 (D. N.H. 1991)

The Plan fails to adequately provide information concerning the litigation commenced by Laurie Munn, the sole member of the Debtor against On-Deck. Ms. Munn commenced this action seeking declaratory judgment against On-Deck wherein she states that she did not sign the guarantee for the On-Deck loan, was unaware of any such guarantee and did not know of such loan until months after the loan was made. In fact, the Disclosure Statement fails to so much as even mention this seminal litigation and its potential impact. (See Ex. A)

The Plan fails to adequately identify the universe of unsecured claims within Class 6 of the Proposed Plan. Rather it merely states that Class 5 (APF claim of $1,475,505) and Class 6 ($423,310.00) may possibly share in a proposed payment of $280,000.00 The identity of claim holders and amounts is unclear as there appears to be multiple claims filed by a single holder (See for example Kurzman Eisenberg Claim) Also, upon information and belief, the claim of Kurzman Eisenberg represents the entire cost of litigating claims against APF as well as defending against such claims on behalf of non-Debtors (Max Munn and Molly Munn) as well as The Debtor. This Court has previously ruled that the Debtor should only pay 80% of legal fees incurred on the appeal from the APF judgment and that Max Munn and Molly Munn be responsible for the balance or 20% of the fees. Apparently no such allocation has been considered in the Plan.

Moreover, APF should be in The Class of general unsecured creditors — — not in a "gerry mandered" Class 5 of its own.

The Plan is neither fair nor equitable as it proposes to treat On-Deck in a manner that results in a far greater recovery for one unsecured creditor On-Deck (Class 4) to the detriment of the remaining unsecured creditors. If the Plan is approved, On-Deck will receive almost 70% of its unsecured claim. APF, if successful on appeal, which it verily believes it will be, can only recover approximately 75% of the total $280,000 set aside for the combination of Class 5 and 6. This means that the maximum amount to be received by APF is $210,000 against its claim of $1,474,505 or just over 14% of its claim. Then Class 6 claimants receive a maximum of approximately $70,000 if APF is successful on appeal resulting in a recovery of around 16.5%. Even if APF were to lose the appeal Class 6 would receive only 64% well short of the 72% to On-Deck yet all are unsecured creditors entitled to the same Pari Passu recovery. The only benefit to the Debtor, and its sole member is that by providing for the greater recovery to On-Deck, the issues

of fraud, forgery or other malfeasance in obtaining the On-Deck loan are swept under the rug. The Disclosure Statement is silent on this key point.

The proposed Plan fails to identify how the "loans" by the Debtor to Max Munn, in excess of $400,000 will be treated. It also fails to address the potential Federal tax issues that attach to Debtors' failure to make any withholdings on the cash income paid to Max Munn and other employees.

The proposed Plan fails to provide any information concerning liquidation value or the impact on creditor's recovery. While Debtor initially moved to have the Court authorize the employment of Grassi & Co. to prepare and submit a liquidation value, (Docket Entry 74) this motion was thereafter withdrawn without explanation (Docket Entry 81) or an expressed retention to retain another expert to provide such information. In that Debtor has failed to timely file almost every monthly operating report and as of March 20, 2019, has not filed the January or February Operating Report, it is not possible to ascertain with any degree of accuracy the current financial picture of Debtor. Solicitation should not go forward.

## CONCLUSION

The Debtor's Disclosure Statement fails to adequately disclose information related to the legal proceedings pending between Laurie Munn and On-Deck and does not explain the disparate treatment between the three Classes of unsecured creditors. The Disclosure Statement fails to provide any liquidation analysis. Accordingly, APF respectfully requests that the Court deny approval of the Debtor's Disclosure Statement.

Dated: White Plains, New York
       March 22, 2019

                Respectfully submitted,

                **ECKERT SEAMANS CHERIN & MELLOTT, LLC**

                By: *Timothy P. Coon*
                     Timothy P. Coon, Esq.
                     10 Bank Street, Suite 700
                     White Plains, New York 10606
                     (914) 949-2909
                     tpcoon@eckertseamans.com
                     *Counsel for Creditor APF Management Company, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

    MUNNWORKS, LLC,

              Debtor.

Chapter 11

Case No.: 18-22972 (RDD)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies, pursuant to 28 U.S.C. §1746 and under penalty of perjury under the laws of the United States of America, that I am over the age of 18 years old and that on the 21st day of March, 2019 I caused a true and correct copy of **OBJECTION OF CREDITOR APF MANAGEMENT COMPANY LLC TO DISCLOSURE STATEMENT PROPOSED BY DEBTOR PURSUANT TO CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE** and all supporting exhibits to be served via ECF as well as overnight courier upon all parties registered to receive service in this case.

Dated: White Plains, New York
         March 22, 2019

By: *Timothy P. Coon*
      Timothy P. Coon